O

# United States District Court
# Central District of California

| | |
|---|---|
| LaSHONDA HAMMOND,<br><br>            Plaintiff,<br><br>            v.<br><br>SUTHERLAND GLOBAL SERVICES, INC., and DOES 1–50, inclusive,<br><br>            Defendants. | Case № 2:21-cv-02999-ODW (AFMx)<br><br>**ORDER DENYING MOTION TO REMAND [9]** |

## I. INTRODUCTION

Plaintiff LaShonda Hammond moves to remand this wrongful termination case to California State Court following removal by Defendant Sutherland Global Services, Inc. ("Sutherland"). (Mot. to Remand ("Mot."), ECF No. 9.) The matter is fully briefed. (*See* Opp'n, ECF No. 11; Reply, ECF No. 12.) For the reasons discussed below, the Motion is **DENIED**.[1]

## II. BACKGROUND

Hammond worked for Sutherland as a Collection Specialist beginning in April 2012. (Decl. of Heather D. Hearn Ex. A ("Compl.") ¶ 5, ECF No. 1-2.)

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Hammond's health challenges led to repetitive absences from work including an eleven-month worker's compensation leave between December 2018 and November 2019 for carpal tunnel syndrome. (*Id.* ¶¶ 7–8.) In January 2020, Sutherland terminated Hammond's employment. (*Id.* ¶ 10.) On February 26, 2021, Hammond filed her complaint against Sutherland alleging six causes of action: (1) discrimination based on physical disability in violation of California Government Code section 12940(a); (2) failure to accommodate in violation of California Government Code section 12940(m); (3) failure to engage in the interactive process in violation of California Government Code section 12940(n); (4) failure to prevent discrimination and harassment in violation of California Government Code section 12940(k); (5) retaliation in violation of California Government Code section 12940(k); and (6) wrongful termination in violation of public policy. (*See id.* ¶¶ 14–64.)

Sutherland removed the action to this Court based on alleged diversity of citizenship. (*See* Notice of Removal ("NOR"), ECF No. 1.) As relevant here, Sutherland alleges it is a citizen of New York and Hammond is a citizen of California. (*Id.* ¶¶ 6–7.) Hammond moves to remand, arguing Sutherland has not established complete diversity of citizenship. (*See* Mot. 2–3)

### III.  LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

## IV. DISCUSSION

Hammond seeks remand to state court, arguing Sutherland has not sufficiently established diversity of citizenship for federal jurisdiction. Sutherland alleges Hammond is a California citizen and that it is a citizen of New York because it is incorporated and has its principal place of business there. (NOR ¶¶ 6–7.) Although Hammond does not contest her California citizenship, she argues that Sutherland fails to establish New York as its principal place of business. (Mot. 7.) She suggests Sutherland may be a citizen of California instead, which would destroy diversity. (*Id.*)

To remove a case from state court to federal court, the defendant must file a notice of removal in the federal court "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The notice of removal's "short and plain" statement need not include evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). If a defendant's assertion of diversity is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether [subject matter jurisdiction] has been satisfied." *Id.* at 88.

As relevant here, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018) (alterations in original) (quoting 28 U.S.C. § 1332(c)(1)). A corporation's principal place of business is a single place, typically a corporation's headquarters, often referred to as "the nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). The nerve center is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id*.

Here, Hammond argues that Sutherland fails to prove its principal place of business is in New York. (Mot. 7.) For support, Hammond points only to

Sutherland's website, which lists the locations of Sutherland's three corporate offices: New York, San Francisco, and London. (Decl. of Scott Houtz ¶ 3, Ex. 1, ECF No. 9.) With nothing more, Hammond asserts that Sutherland is a citizen of California and therefore the Court lacks jurisdiction for want of complete diversity. This, of course, makes no sense. By Hammond's logic, a corporation would be a citizen of every place where it has an office. The Ninth Circuit has clearly found this is not so, limiting citizenship to only the state of incorporation and the state encompassing the *principal* place of business. *3123 SMB*, 880 F.3d at 462–63.

Sutherland establishes it is a citizen of New York. Sutherland alleges that it is incorporated in New York and maintains its principal place of business in New York. (NOR ¶¶ 6–7.) It supports these allegations with the declaration of René Lafferty, Associate Vice President and Senior Principal of Human Resources Operations and Shared Services for Sutherland, attesting to the same. (Decl. of René Lafferty ISO NOR ¶ 8, ECF No. 1.) As the Ninth Circuit and other Central District courts have found, this declaration evidence sufficiently supports Sutherland's allegations of citizenship. *See Bashir v. Boeing Co.*, 245 F. App'x 574, 575 (9th Cir. 2007) (finding a statement of diversity in the removal petition, supported by a signed declaration of the corporation's attorney, "established diversity by a preponderance of the evidence"); *Gonzalez v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 16-1068-GW (JEMx), 2016 WL 1611576, at *4 (C.D. Cal. Apr. 21, 2016) (collecting cases) (finding a paralegal's declaration on personal knowledge sufficient to establish the citizenship of the corporation).

Sutherland also submits a supplemental declaration of René Lafferty attesting to personal knowledge of the operations conducted at Sutherland's offices. (Suppl. Decl. of René Lafferty ISO Opp'n ¶¶ 3–4, ECF No. 11-1.) Lafferty states unequivocally, "[T]he principal place of business for [Sutherland] is in Pittsford, New York." (*Id*. ¶ 4.) Indeed, the "majority of [Sutherland's] executive team is based out of the Pittsford, New York location . . . In addition, the vice-presidents of legal, finance,

accounting, and other global functions are based in the Pittsford, New York location." (*Id.*) In contrast, Lafferty notes that the San Francisco, California office houses just nine employees, none of whom are part of the executive team, nor a part of senior leadership. (*Id.* ¶ 5.) Sutherland further highlights that the same website Hammond cites for support that the company is a California citizen instead lists Sutherland's "global headquarters" as located in New York. (Opp'n 4 n.2.)

The principal place of business is typically a corporation's headquarters and the broad executive activities described as taking place in the New York office depict "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 80–81. Accordingly, Sutherland has established that its "nerve center" and principal place of business is in New York. As Sutherland is a citizen of New York and Hammond is a citizen of California, complete diversity of citizenship exists and the Court has jurisdiction over the matter.

## V.  CONCLUSION

For the reasons discussed above, Hammond's Motion to Remand is **DENIED**. (ECF No. 9.)

**IT IS SO ORDERED.**

July 15, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**